UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7360 FMO (ASx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | Nicolas Atkins, et al. v. Steve Madden Ltd. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction

On September 14, 2021, plaintiffs Nicolas Atkins and Benjamin Solomon (collectively, "plaintiffs") filed a Complaint against defendant Steve Madden Ltd. ("defendant"), asserting claims for copyright infringement, 17 U.S.C. § 101, et seq.; violation of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California Business and Professions Code §§ 17200, et seq. (See Dkt. 1, Complaint at ¶¶ 28-52). Plaintiffs allege that the court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a)-(b) because this action arises under the laws or treaties of the United States, and specifically those relating to patents, copyrights, trademarks, and unfair competition. (See id. at ¶ 6).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiffs allege that defendant, who operates a national apparel business headquartered in New York City, misappropriated plaintiffs' mural, also located in New York City, in an advertising campaign "seen by many customers worldwide" and "shared across a network of . . . social media channels[.]" (See Dkt. 1, Complaint at ¶¶ 7-8, 12, 19). Although plaintiffs allege, in a conclusory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7360 FMO (ASx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | **Nicolas Atkins, et al. v. Steve Madden Ltd.** | | |

fashion, that the advertising campaign was aimed at and viewed by residents of California, (see id. at ¶ 7), the Complaint lacks specificity as to defendant's connections to California, such that defendant would be subject to personal jurisdiction. (See, generally, id.). Plaintiffs do not allege their own citizenship or how defendant's conduct is directed at residents of California. (See, generally, id.).

      Based on the foregoing, IT IS ORDERED that, no later than **October 6, 2021**, plaintiffs shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order.** See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | gga |